United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 8, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41626
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURICIO GONSALEZ-VERA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-569-ALL
--------------------

Before JONES, Chief Judge, and SMITH and GARZA, Circuit Judges.

PER CURIAM:[*]

Mauricio Gonsalez-Vera appeals his conviction and sentence for illegal reentry. He argues for the first time on appeal that (1) he was illegally sentenced under the mandatory Sentencing Guidelines regime held unconstitutional in United States v. Booker, 125 S. Ct. 738 (2005), and (2) pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), that 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional.

Gonsalez's appeal waiver is unenforceable because the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

magistrate judge advised him at his rearraignment hearing that he could appeal an illegal sentence. See, e.g., United States v. Robinson, 187 F.3d 516, 517-18 (5th Cir. 1999). We do not decide the applicability of the sentencing waiver because the appellate issues lack arguable merit and are foreclosed.

Gonsalez's Booker claim fails because the alleged Fanfan error is neither structural nor presumptively prejudicial, and he cannot show that it affected his substantial rights. See United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir.), cert. denied, 126 S. Ct. 464 (2005); United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005); United States v. Mares, 402 F.3d 511, 521 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). The sentencing and revocation hearing transcripts are silent regarding whether the district would have reached a different conclusion had the Guidelines been advisory, and the fact that the district court imposed the minimum sentence under the Guidelines is, standing alone, no indication that the court would have reached a different conclusion under an advisory scheme. See United States v. Bringier, 405 F.3d 310, 317 n.4 (5th Cir.), cert. denied, 126 S. Ct 264 (2005). Gonsalez therefore cannot carry his burden of showing that the result likely would have been different had he been sentenced under the advisory scheme, and he cannot show plain error. See Mares, 402 F.3d at 522.

Gonsalez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).

Although Gonsalez contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Gonsalez properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

**AFFIRMED.**